ALD-091                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4392
_____

In re:  MAE IZZEDIN ASAD,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States Tax Court
(Related to T.C. No. 032401-15)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 5, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: February 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Before the Court is Mae Izzedin Asad's petition for a writ of mandamus pursuant

to 28 U.S.C. § 1651 relating to a matter pending before the United States Tax Court.  In

her petition, Asad asserts that, on November 12, 2013, the Commissioner of the Internal

Revenue Service issued a Notice of Deficiency to Asad and her husband stating that they

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

owed additional tax, penalties, and additions for the tax years 2008 and 2009. In response, Asad requested equitable "innocent spouse" relief from her joint and several liability.[1] 26 U.S.C. § 6015(b). The Commissioner denied the request.

Asad petitioned the United States Tax Court for review of the Commissioner's determination. See id. In addition to challenging the Commissioner's decision to deny her equitable relief, Asad argued that the underlying Notice of Deficiency for tax year 2008 was untimely under the applicable statute of limitations. In response, the Commissioner moved to "dismiss the issue" of whether the statute of limitations expired before the Commissioner issued the notice. According to the Commissioner, the Tax Court's jurisdiction under § 6015(e) to review the agency ruling on Asad's request for equitable relief did not extend to her challenge to the underlying tax assessment. The Tax Court agreed and, by order served on October 5, 2016, granted the Commissioner's motion.

On December 22, 2016, Asad filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. Asad asks us to issue a writ to "invalidate[] and vitiate[] forever" the Commissioner's Notice of Deficiency on timeliness grounds, and argues that

---

constitute binding precedent.

[1] Taxpayers filing a joint return are generally jointly and severally liable for the entire tax liability shown—or that should have been shown—on their return. 26 U.S.C. § 6013(d)(3). But § 6015 of the Internal Revenue Code allows the Commissioner to relieve an "innocent spouse" signer of a joint return of his or her joint and several liability for understatement or nonpayment of income tax.

mandamus is necessary because she "has nowhere else to go to attain the relief, most certainly has no chance whatsoever with" the Commissioner.

We will deny the petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that she has "no other adequate means" to obtain the relief requested, and that she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Here, Asad essentially seeks review of the Tax Court's order granting the Commissioner's motion to dismiss as to her statute-of-limitations argument. Mandamus relief is not appropriate because the Tax Court's ruling is reviewable on direct appeal under 26 U.S.C. § 7482(a)(1). See id. at 77 (stating that mandamus may "not be used as a mere substitute for appeal").

Accordingly, we will deny the petition for writ of mandamus.